Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA JEFFERSON, *on behalf of herself and those similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> J.C. CHRISTENSEN & ASSOCIATES, INC.; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Lisa Jefferson, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, J.C. Christensen & Associates, Inc.; and John Does 1 to 10, says:

### I. NATURE OF THE ACTION

1. This class action for damages arises from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III. PARTIES

4. Plaintiff, Lisa Jefferson ("Plaintiff" or "Jefferson"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, J.C. Christensen & Associates, Inc. ("JCC") is a collection agency located in Minnesota.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV. FACTS

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

9. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

10. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. JCC is a collection agency.

12. Defendant has attempted to collect a debt from Plaintiff allegedly owed to First Premier Bank ("Debt" or "Account").

13. The Debt is alleged to arise from one or more transactions.

14. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

15. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16. The Account was assigned to for collection.

17. Defendant contends that the Account is past due and in default.

18. The Account was past due and in default at the time it was placed with or assigned to Defendant for collection.

19. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on January 16, 2015 ("JCC Letter"). A true copy of the letter, but with redactions, is attached as **Exhibit A**.

20. Plaintiff received and reviewed the JCC Letter.

21. The JCC Letter states:

> Please be aware that if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor may be required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c.

22. Defendant's statement is false, deceptive and misleading to the least sophisticated consumer.[1]

---

[1] *See Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 U.S. Dist. LEXIS 152006 (E.D. Pa. Oct. 24, 2014).

23. The Department of Treasury regulations require an "applicable entity"[2] to report a discharge of indebtedness over $600 to the Internal Revenue Services if and only if there has been an "identifiable event,"[3] subject to seven exceptions.[4]

24. Such exceptions to the reporting requirement include if the consumer files and obtains a bankruptcy discharge on a consumer debt, or any interest or non-principal amounts.[5]

25. With respect to Plaintiff, a portion of the Debt was interest and other non-principal amounts.

26. The debts alleged to be owed by Plaintiff and those similarly situated included interest and other non-principal amounts.

27. Such false statement is deceptive and misleading because the statement conveys to the least sophisticated consumer that there are consequences to paying or settling the debt for less than what was alleged to be owed.

28. Such false statement is deceptive and misleading because the statement conveys to the least sophisticated consumer that one may face negative consequences with the Internal Revenue Service for paying or settling the debt for less than what was alleged to be owed.

29. Such false statement is deceptive and misleading because the statement deliberately fails to disclose that such reporting is required under only limited circumstances.

30. Such false statement is deceptive and misleading because the statement deliberately fails to disclose that such reporting requirement is subject to seven exceptions.

---

[2] "Applicable entity" is defined in 26 U.S.C. § 6050P(c)(1).
[3] As described in 26 Treas. Reg. § 1.6050P-1(b)(2).
[4] *See* 26 Treas. Reg. § 1.6050P-1(a)(1), (d).
[5] 26 Treas. Reg. § 1.6050P-1(d)(1)-(3).

31. Defendant's statement invoking the IRS is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying at all would have serious tax implications or otherwise be in trouble with the IRS.

32. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which in violation of the FDCPA.

33. Defendant used the same procedures it used in sending the JCC Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

34. In the one year period before this Complaint was filed, Defendant sent the same or similar letters to numerous New Jersey residents in an attempt to collect a debt.

## V. CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> (a) All consumers residing in New Jersey, (b) to whom Defendant sent a collection letter in the same or similar form as Exhibit A, (c) which letter was dated within one year prior to the date the Complaint is filed, (d) was not returned by the United States Postal Service as undeliverable, (e) was seeking to collect a consumer debt allegedly owed to First Premier Bank, and (f) contained the same or similar language, "Please be aware that if the amount of debt forgiven as a result of settlement is equal to or greater than $600.00, your current creditor may be required by Internal Revenue Code Section 6050P to report the forgiven debt to the IRS and issue a form 1099c."

37. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

38. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

39. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

41. Plaintiff's claims are typical of the claims of the members of the Class.

42. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

43. Plaintiff does not have interests antagonistic to those of the Class.

44. The Class, of which Plaintiff is a member, is readily identifiable.

45. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions, other complex litigation, and claims of the type asserted in this action.

46. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards

of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

47. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff, on behalf of herself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

51. The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

52. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

53. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

54. The JCC Letter is a "communication" pursuant to 15 U.S.C. § 1692a(2).

55. The letters sent to New Jersey consumers, which are same or similar to Exhibit A, are "communications" pursuant to 15 U.S.C. § 1692a(2).

56. The JCC Letter was sent by Defendant to Plaintiff in an attempt to collect the Debt.

57. The JCC Letter and the same and similar letters were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

58. By sending the JCC Letter and the same and similar letters to Plaintiff and those similarly situated, Defendant violated the FDCPA in one or more of the following ways:

>   a. Defendant made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;
>
>   b. Defendant made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);
>
>   c. Defendant made representations or implications that nonpayment of a debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person, in violation of 15 U.S.C. § 1692e(4);
>
>   d. Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);
>
>   e. Defendant used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10);
>
>   f. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

59. The violations of the FDCPA described herein constitute *per se* violations.

60. As a result of any one or more of the above violation of the FDCPA, Defendant is liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lisa Jefferson, on behalf of herself and others similarly situated, demands judgment against Defendant, J.C. Christensen & Associates, Inc., as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except the matter styled *Staniland v. J.C. Christensen & Associates, Inc., et al.*, 2:15-cv-08445-SDW-SCM (D.N.J.)

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
KIM LAW FIRM LLC
*Attorneys for Plaintiff on behalf of herself and those similarly situated*

Dated: January 15, 2016